**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| GOLDMAN & ROSEN, LTD. | Case No.: 10-cv-01894 |
| Plaintiff, | Judge Dan Aaron Polster |
| | Magistrate Judge Vecchiarelli |
| v. | |
| ONEBEACON INSURANCE COMPANY | **ANSWER** |
| Defendant. | (Jury Demand Endorsed Hereon) |

OneBeacon Insurance Company ("OneBeacon"), for its Answer to Plaintiff's Complaint, states as follows:

1. OneBeacon admits that Plaintiff's Complaint is an action for breach of contract, declaratory judgment under R.C. 2721.01 *et seq.*, and breach of the duty of good faith and fair dealing, and for compensatory and punitive damages, but One Beacon denies that Plaintiff is entitled to such relief and any denies any other allegations in paragraph 1 of the Complaint.

2. OneBeacon that OneBeacon is an insurance company and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Boston, Massachusetts.

3. OneBeacon admits the allegations that it is an insurance company organized under the laws of the state of Delaware and that its principal place of business is in Massachusetts, but OneBeacon denies any remaining or contrary allegations in paragraph 3 of the Complaint.

4. OneBeacon denies for want of knowledge the allegations of paragraph 4 of the Complaint.

1

5. OneBeacon admits the allegations contained in paragraphs 5 and 6 of the Complaint.

## THE INSURANCE POLICY

6. OneBeacon admits the allegations in paragraph 7 of the Complaint.

7. OneBeacon admits that the Insuring Agreement of the Policy states, inter alia, that OneBeacon will pay "damages" resulting from "claims" first made against Goldman & Rosen during the "policy period" and reported during the policy period caused by a "wrongful act", but denies any remaining or contrary allegations in paragraph 8 of the Complaint, including, but not limited to, any allegation that are incomplete, inconsistent with, or contrary to the terms of the Policy.

8. OneBeacon denies the allegations in paragraph 9 of the Complaint.

9. OneBeacon admits that all required premiums have been paid and that the Policy was in full force and effect at all times relevant hereto, but denies any remaining or contrary allegations in Paragraph 10 of the Complaint.

10. OneBeacon denies for want of knowledge the allegations in paragraph 11 of the Complaint.

11. OneBeacon denies for want of knowledge the allegations in paragraphs 12 to 18, inclusive, of the Complaint.

12. OneBeacon admits that Plaintiff submitted to OneBeacon a claim for coverage under the Policy, but denies any remaining or contrary allegations in paragraphs 19 and 20 of the Complaint.

13. OneBeacon admits that it has denied payment under the Policy, but denies any remaining or contrary allegations in paragraph 21 of the Complaint.

## COUNT ONE
### (Breach of Contract)

14. For its answer to paragraph 22 of the Complaint, OneBeacon incorporates by reference its answers and assertions to paragraphs 1 through 21, inclusive, of the Complaint.

15. OneBeacon denies the allegations in paragraph 23 of the Complaint.

16. OneBeacon admits that it has denied payment under the Policy, but denies any remaining or contrary allegations in paragraph 24 of the Complaint.

17. OneBeacon denies the allegations in paragraph 25 of the Complaint.

## COUNT TWO
### (Declaratory Relief)

18. For its answer to paragraph 26 of the Complaint, OneBeacon incorporates by reference its answers and assertions to paragraphs 1 through 25, inclusive, of the Complaint.

19. OneBeacon denies the allegations in paragraph 27 of the Complaint.

20. OneBeacon admits that it has denied payment under the Policy, but denies any remaining or contrary allegations in paragraph 28 of the Complaint.

21. OneBeacon admits the allegations in paragraphs 29 and 30 of the Complaint.

## COUNT THREE
### (Bad Faith)

22. For its answer to paragraph 31 of the Complaint, OneBeacon incorporates by reference its answers and assertions to paragraphs 1 through 30, inclusive, of the Complaint.

23. OneBeacon admits that it has a duty of good faith but denies that OneBeacon breached its duty or any remaining or contrary allegations in paragraphs 32 and 33 of the Complaint.

24. OneBeacon denies the allegations in paragraphs 34, 35, 36, and 37 of the Complaint.

## **ADDITIONAL DEFENSES**

1. The Insuring Agreement of the OneBeacon Policy provides, in relevant part, that OneBeacon agrees to pay on an insured's behalf "all **damages** in excess of the deductible amount and up to the limits of liability stated in the" OneBeacon's Policy's Declarations "provided such **damages** . . . "are caused by a **wrongful act** which takes place before or during the **policy period** and after the retroactive date shown on the Declarations."

2. The OneBeacon Policy defines "Wrongful act to mean:

> any actual or alleged act, error, omission or breach of duty arising out of the rendering or the failure to render **professional legal services**. **Wrongful act** also means **personal injury** arising out of **your** conduct relating to the delivery of **professional legal services**.

3. The OneBeacon Policy provides that "Professional legal services are services and activities performed for others in your capacity as:

    1. a lawyer;

    2. a notary public;

    3. an arbitrator or mediator;

    4. a title insurance agent;

    5. a designated issuing lawyer to a title insurance company;

    6. a court-appointed fiduciary;

    7. a government affairs advisor or lobbyist;

    8. a member of a bar association, ethics, peer review, formal accreditation or licensing, or similar professional boards or committees;

    9. an author, strictly in the publication or presentation of research papers or similar materials and only if the fees generated from such work are not greater than ten thousand dollars ($10,000); or

4

        10. an administrator, conservator, receiver, executor, guardian, or any similar fiduciary capacity, or court-appointed trustee; however no coverage will apply to any loss sustained by **you** as the beneficiary, recipient or distribute of any trust or estate.

        Any other services performed by **you** in a lawyer-client relationship on behalf of one or more clients, are considered **professional legal services**, even though such services could be performed wholly or in part by non-lawyers. However, **professional legal services** do not include the provision of any financial or investment advice.

4.      The Insuring Agreement of the OneBeacon Policy provides, in relevant part, that OneBeacon agrees to pay on an insured's behalf "all **damages** in excess of the deductible amount and up to the limits of liability stated in the" OneBeacon's Policy's Declarations "provided such **damages** . . . "result from **claims**:

        a) first made against **you** during the **policy period** and reported to **us** in writing during the **policy period** or within sixty (60) days thereafter; or
        b) first made against **you** and reported to **us** in writing during any applicable Extended Reporting Period; and

5.      The OneBeacon Policy defines "**Claim**" to mean:

        1. a demand received by **you** for money or services, including the service of a lawsuit or institution of arbitration proceedings or filing of any other **claim** against **you**, alleging a **wrongful act** as defined in this policy;

        2. a written request received by **you** to toll or **waive** a statute of limitations relating to a **potential claim**; or

        3. a **disciplinary proceeding**.

6.      The OneBeacon Policy states that:
This policy does not apply to:

* * *

D. **claims for bodily injury**, mental anguish, emotional distress (except for mental anguish and emotional distress resulting from **personal injury**), sickness, disease or death of any person or damage

5

to, destruction of or loss of any property (including software, data or other information in electronic form). This exclusion does not apply to any claim directly arising out of **professional legal services**.

7. The One Beacon policy states that:

> C. Your Assistance and Cooperation
> 1. **You** must cooperate with **us** and assist **us** in investigating and defending any claim or potential claim. Upon **our** request, **you** must submit to examination and interrogation by **our** representatives, under oath if required, and **you** must attend hearings, depositions and trials, and assist in effecting settlement, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits and other proceedings, as well as in the giving of a written statement or statements to **our** representatives including investigating and coverage counsel and meeting with such representatives for the purpose of investigation including the investigation of coverage issues and/or defense, all without charge to **us**. **You** must further cooperate with **us** and do whatever is necessary to secure and effect any rights of indemnity, contribution or apportionment which **you** may have. **You** must not, except at **your** own cost, make payment, admit any liability, settle any **claims**, assume any obligation or incur any expense, without **our** prior written consent.

8. The OneBeacon Policy states that:

> X. **CONDITIONS**
> A. **Action Against Us**
> No action can be brought against us unless, as a condition precedent, you have fully complied with all the terms of this policy, and the amount **of your** obligation to pay has been fully and finally determined either by judgment against **you** after actual trial or by written agreement of **you**, the claimant and **us**. Nothing contained in this policy gives any person or organization the right to join **us** as co-defendant in any action against **you** to determine **your** liability. Bankruptcy or insolvency of **you** or **your** estate will not relieve **us** of any of **our** obligations not deprive us of any of our rights under this policy.

WHEREFORE, OneBeacon requests that the Complaint the Court declare that OneBeacon does not owe Plaintiff payment under the Policy and/or that the Court dismiss the Complaint at Plaintiff's cost.

> Respectfully submitted,
>
> s/ D John Travis
> **D JOHN TRAVIS (0011247)**
> GALLAGHER SHARP
> Sixth Floor - Bulkley Building
> 1501 Euclid Avenue
> Cleveland, Ohio 44115
> (216) 241-5310/fax: (216) 241-1608
> jtravis@gallaghersharp.com
> **Attorney for Defendant**

## JURY DEMAND

Defendant hereby demands a trial by jury of the within action consisting of the maximum number of jurors permitted by law.

> s/ D John Travis
> **D JOHN TRAVIS (0011247)**

## CERTIFICATE OF SERVICE

    I hereby certify that on October 25, 2010, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Northern District of Ohio (Akron), using the CM/ECF filing system, which will send notification of such filing to all parties of record.

                                                      <u>s/ D John Travis</u>
                                            **D JOHN TRAVIS (0011247)**
                                            **Attorney for Defendant**